IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **JOSEPH ERNEST LIAS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 4:21-CV-00148-CDL-MSH |
| | : | |
| **MUSCOGEE COUNTY JAIL,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Joseph Ernest Lias, an inmate most recently confined in the Muscogee County Jail in Columbus, Georgia, has filed a document that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 15, 2021, Plaintiff was ordered to recast his Complaint on the Court's standard form. Plaintiff was also instructed to notify the Court of any change in his mailing address. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his claims. *See generally* Order, Oct. 15, 2021, ECF No. 4.

The time for compliance passed with no response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to timely and fully comply with the Court's orders and instructions. Plaintiff was given twenty-one (21) days to comply, and he was again warned that the failure to timely and fully comply with the Court's orders and instructions would result in the dismissal of his

case.  *See generally* Order, Nov. 15, 2021, ECF No. 5.

The time for compliance has again passed without a response from Plaintiff, presumably because the November 15, 2021 show cause order was returned to the Court as undeliverable with a notation indicating that Plaintiff was "NOT HERE" (ECF No. 6). Plaintiff's Complaint is thus **DISMISSED without prejudice** for failure to comply with the Court's orders and instructions.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)).[1]  A search of the Georgia Department of Corrections' online offender query system does not reveal Plaintiff's current whereabouts.  http://www.dcor.state.ga.us/GDC/Offender/Query (searched "Lias, Joseph") (last accessed Dec. 10, 2021).  Though it may be an exercise in futility, the Clerk is thus **DIRECTED** to mail a copy of this Order to Plaintiff at his last known address of record at the Muscogee County Jail.

**SO ORDERED**, this **10th** day of **December, 2021**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.